UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Park Lawn Capital Limited, Inc.,** | CASE No. 19-cv-13741 |
| Plaintiff/Petitioner, | |
| v. | |
| United Steelworkers Local 13702, | |
| Defendant/Respondent. | |

### COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD

Plaintiff/Petitioner, Park Lawn Capital Limited, Inc., which, by its attorneys, brings this action against Defendant/Respondent, United Steelworkers Local 13702, to vacate an arbitration decision and award, states and alleges as follows:

1.  This is an action to vacate an Arbitration Award issued on September 23, 2019, and to enjoin or deny any proceedings to enforce such Award, under Section 301(a) of the Labor – Management Relations Act of 1947, as amended to date, 29 U.S.C. §185(a) ("LMRA") and/or the Federal Arbitration Act, 9 U.S.C. §1 et. seq. ("FAA"). A true and correct copy of the subject Arbitration Award is attached hereto as Exhibit A and made part of this Complaint.

PARTIES

2.  Plaintiff/Petitioner Park Lawn Capital Limited, Inc. ("Park Lawn" or the "Company") maintains a principal place of business at 16801 Greenspoint Park Drive, Suite 376, Houston, Texas 77060, but manages cemeteries nationwide, including a cemetery in Detroit, Michigan, where this dispute first arose. At all times relevant to this

dispute, Park Lawn has been an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3. Defendant/Respondent United Steelworkers Local 13702 (the "Union") maintains a principal place of business at 20600 Eureka Road, Suite 300, Taylor, Michigan 48180. At all times relevant to this dispute, the Union has been a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and Section 301 of the LMRA, 29 U.S.C. § 185, and is recognized as the exclusive collective bargaining representative of certain employees employed by the Company at its Forest Lawn Memorial Park cemetery, located in Detroit, Michigan ("Forest Lawn").

## JURISDICTION AND VENUE

4. This action, which seeks to vacate an arbitration decision and award issued pursuant to an arbitration procedure contained in a collective bargaining agreement, is brought under Section 301 of the LMRA, 29 U.S.C. § 185, and is consistent with the purposes and policies of the LMRA as set forth in its Section 201, 29 U.S.C. § 171.

5. Jurisdiction of this Court is based on Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. §§ 1331 and 1337.

6. Venue in this judicial district is proper under 29 U.S.C. § 185 and 28 U.S.C. § 1391. Indeed, both the Company and the Union maintain facilities and offices and do business within the Eastern District of Michigan, Michigan, and this Division of that District. Moreover, all of the events giving rise to this controversy, including the arbitration proceedings at issue here, occurred within the Eastern District of Michigan.

FACTS

7. Park Lawn is a funeral, cremation, and cemetery provider, servicing families across the country. The Company manages several cemeteries in the state of Michigan, including the Forest Lawn cemetery located at 11851 Van Dyke Avenue, Detroit, Michigan 48234. At Forest Lawn, the Company's grounds crew – a total of five employees at the time of the arbitration hearing – are members of a bargaining unit represented by the Union.

8. Park Lawn acquired Forest Lawn and other cemeteries located throughout Michigan from Midwest Memorial Group, LLC ("MMG") during an acquisition in 2016. Park Lawn integrated these cemeteries into its US operations and became the official employer of the employees of these cemeteries in January 2019.

9. MMG and the Union were parties to a Collective Bargaining Agreement ("CBA" or "Agreement"), dated July 1, 2018, which Park Lawn assumed in connection with its acquisition of MMG. A true and correct copy of the CBA between Park Lawn and the Union (collectively, "the parties") is attached hereto as Exhibit B.

10. Disputes between the parties must be handled through and pursuant to the detailed grievance procedure outlined in the CBA. Exhibit B, Article V.

11. By the plain terms of their agreement, the parties have agreed to bind themselves to strict time limits contained in that grievance procedure. Specifically, the grievance procedure provides that "[a]ny grievance not submitted in writing and received by the Director of Operations or his designate *within five (5) work days after the Employer's response shall be deemed to have been waived and considered automatically closed.*" Exhibit B, Article V, Section 1, Step (ii) (emphasis added).

3

12.     The importance and significance of these time limits are reinforced by the Agreement: "***Time limits specified in the grievance procedure are of the essence.***" Exhibit B, Article V, Section 7 (emphasis added).

The Investigation and Discipline

13.     In January 2019, shortly after Park Lawn became the employer of Forest Lawn's employees and took over the management of Forest Lawn, bargaining unit member David Messingham ("Messingham") submitted a complaint to Superintendent Jeff Teal ("Teal"), alleging that other bargaining unit employees had regularly used the word "nigger" in the workplace.

14.     Superintendent Teal reported Messingham's complaint to Human Resources. Due to the nature and seriousness of the reported complaint, the Company took immediate steps to investigate its allegations and sent HR Director Suzette Fielder ("Fielder") to Forest Lawn to conduct witness interviews.

15.     Fielder interviewed all five bargaining unit members (Messingham, Thomas Vanicelli ("Vanicelli"), Anthony Williams ("Williams"), Wilmer "Pete" Austin ("Austin"), and Juan Huertas ("Huertas")) (collectively, the "Grievants"), as well as Superintendent Teal.

16.     The interviews corroborated Messingham's allegations, and uncovered that use of the word "nigger" in the workplace was rampant and pervasive.

17.     In fact, during the interviews, both Williams and Austin admitted to personally using the word "nigger" in the workplace.

18.     Moreover, the investigation also exposed a work environment fraught with sexually explicit or derogatory language towards women and minorities, and frequent exchange and distribution of pornography among its bargaining unit employees.

19.     Specifically, the investigation uncovered a workplace where men routinely "look[ed] at pictures of women," often commented on women's "titties, butt, [and] body," and regularly referred to one another as "pussy." As the Arbitrator pointed out, "the conduct uncovered by Park Lawn during its investigation was prolonged, continued, and repeated behavior, and was objectionable and blatantly discriminatory." Exhibit A at 20.

20.     Park Lawn recognized this workplace misconduct previously went unchecked under MMG's management and considered this information as a mitigating factor.

21.     Balancing this mitigating factor with its legal and moral obligation to rid the workplace of these serious and pervasive repetitive behaviors, the Company found that there was just cause for the "First and Final Written Warnings" to Williams, Messingham, Huertas, and Austin, as well as Superintendent Teal, on February 21, 2019.

22.     Because Vanicelli had been on vacation during the time that these warnings were issued to the other members of the bargaining unit, after returning from vacation, on March 18, 2019, Vanicelli was issued his First and Final Written Warning.

Grievance and Arbitration Proceedings

23.     On March 21, 2019, Vanicelli filed a grievance alleging an "unjust write up" for the First and Final Written Warnings that were issued to each of the bargaining unit members.

24. The filing of the grievance was twenty-eight (28) days after Messingham, Williams, Austin and Huertas were issued their warnings, or, put another way, twenty-three (23) days beyond the time limit imposed by the grievance procedure.

25. The only timely claim was the one that Vanicelli filed on his own behalf, insofar as it was the only claim that was asserted within the five-day period prescribed by the parties' Agreement.

26. When the Company denied the grievance, the Union demanded arbitration. The grievance was the subject of an arbitration hearing held on August 7, 2019, in Beverly Hills, Michigan, before Arbitrator Patrick A. McDonald (the "Arbitrator").

27. The issue presented to the Arbitrator in those proceedings was twofold on both procedural and meritorious grounds. The procedural issue(s) included whether the scope of the Union's grievance can be extended to capture the purported claims of Messingham and Huertas, who did not sign the grievance. The second was whether the procedurally untimely claims of all the Grievants, except for Vanicelli, were properly before the Arbitrator. On the merits, the issue was limited to whether Park Lawn sustained its burden of demonstrating just cause for discipline, and, if not, what shall be the remedy?

28. At the hearing, the parties submitted several joint exhibits, including notes from witness interviews that were approved by each interviewed employee. That undisputed evidence demonstrated rampant use of profanity, sexually inappropriate comments, and ethnic and racial slurs in the workplace, including a pattern of repeated use of the racially derogatory word "nigger."

29. Superintendent Teal, HR Director Fielder, and Mathew Forastiere (VP Operations – Midwest Group) testified on behalf of the Company at the hearing.

30. Vanicelli appeared at the hearing and was the only witness to testify on behalf of the Union. On cross-examination, Vanicelli admitted that his claim was the only timely claim asserted in his grievance, and that, under the Agreement, untimely grievances are to be deemed "null and void."

31. Both Superintendent Teal and Vanicelli did not deny and in fact acknowledged the alleged employee misconduct, including sexually degrading and objectifying commentary about women, accessing and viewing of pornography, and common use of racial slurs.

32. After post-hearing briefing was submitted to him for his consideration, on September 23, 2019, the Arbitrator issued his Decision and Award.

33. Despite recognizing there were two procedural issues before him, the Arbitrator failed to apply the Agreement and reach a decision as to the timeliness of the grievance for each of the Grievants.

34. In the Decision and Award, the Arbitrator determined, based on the undisputed record before him, that "the 'N-word' was used regularly" and that "shop talk" does "not condone the use of the 'N-word' or other divisive or demeaning language." Exhibit A at 24-25. Further, the Arbitrator recognized the Grievants frequently used sexually explicit or derogatory language.

35. Nevertheless, in his Award, the Arbitrator ordered that the "First and Final Written Warning[s]" be modified to "First Written Warnings." *Id*. at 26.

## COUNT I

### Vacation of Arbitration Award

36. Park Lawn incorporates by reference paragraphs 1 through 35 of this Complaint and Petition, and all allegations therein, as if fully set forth herein.

37. The Arbitrator's Decision and Award must be vacated because the Arbitrator exceeded his powers insofar as his Decision and Award failed to draw its essence from the Agreement, which, by its plain terms, imposes strict time limits for filing grievances and other constraints on a selected arbitrator's remedial authority.

38. The Arbitrator's Decision and Award must also be vacated because it was issued in manifest disregard for the law, including but not limited to, Title VII's workplace discrimination protections, Michigan's workplace discrimination protections, and the dominant public policy of this State.

39. In the Arbitrator's Decision and Award, the Arbitrator sought to literally rewrite the warnings issued to each of the Grievants, subject to the Arbitrator's final review and approval, despite finding, based on the undisputed record before him, that the Grievants' conduct was "objectionable and blatantly discriminatory." Exhibit A at 20.

40. Permitting such behavior violates Title VII's workplace discrimination protections, as well as this State's explicit, well-defined, and dominant public policy against such conduct.

41. Furthermore, the Arbitrator's Decision and Award and his decision to require a First Warning is outside of the plain language of the CBA which has no progressive discipline policy or requirement.

42. For all the reasons stated, as well as for other good and valid reasons, the Arbitrator's Decision and Award should be vacated.

WHEREFORE, Plaintiff/Petitioner Park Lawn respectfully requests that this Honorable Court grant in its favor and against Defendant/Respondent United Steelworkers Local 13702, by vacating, setting aside, and declaring to be null and void and of no legal effect the Arbitrator's Award dated September 23, 2019, and by awarding any such other relief as this Court deems to be just and proper.

Dated: December 20, 2019     Respectfully submitted,

*/s/ Stephanie Sweitzer*

Morgan, Lewis & Bockius LLP
Stephanie Sweitzer (P66376)
77 West Wacker Drive
Chicago, IL 60601
Telephone: 312.324.1000
Facsimile: 312.324.1001

Michael K. Taylor
Michael E. Lignowski
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001

*Attorneys for Plaintiff/Petitioner
Park Lawn Capital Limited, Inc.*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: Wayne County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PARK LAWN CAPITAL LIMITED, INC.

## DEFENDANTS
UNITED STEELWORKERS LOCAL 13702

**(b)** County of Residence of First Listed Plaintiff: Harris County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne County, MI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie Sweitzer (P66376)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor, Chicago, IL 60601
(312) 324-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ■ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §185(a)/9 U.S.C. § 1 et. Seq.

Brief description of cause:
Vacate Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 12/17/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, I electronically filed the foregoing Complaint and Petition, along with Summons for Defendant/Respondent, with the Clerk of Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

United Steelworkers Local 13702, District 2<br>
20600 Eureka Road<br>
Taylor, Michigan 48180

                                              */s/ Stephanie Sweitzer*
                                              Stephanie Sweitzer