# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PARK LAWN CAPITAL LIMITED, INC., <br><br> Plaintiff/Petitioner, <br><br> v. <br><br> UNITED STEELWORKERS LOCAL 13702, <br><br> Defendant/Respondent. | Case No.: 4:19-cv-13741-SDD-EAS <br><br> United States District Judge Stephanie Dawkins Davis <br><br> United States Magistrate Judge Elizabeth A. Stafford |

## STATUS REPORT AND RULE 26(f) DISCOVERY PLAN

Plaintiff Park Lawn Capital Limited, Inc. ("Plaintiff" or "Park Lawn") and Defendant United Steelworkers Local 13702 ("Defendant" or the "Union") (together, the "Parties"), through their attorneys and in accordance with the Federal Rules of Civil Procedure and this Court's April 29, 2020 Notice of Rule 16 Scheduling Conference and Rule 26 Joint Discovery Plan (Dkt. 10), submit the following Status Report and Rule 26(f) Discovery Plan, as follows:

## I. Meet and Confer.

The Parties met and conferred through counsel regarding the discovery plan via telephone on May 6, 2020 and by later email.

## II. Brief Summary of the Case and Issues.

**<u>Plaintiff Park Lawn's Summary</u>:** Plaintiff and Defendant are parties to a Collective Bargaining Agreement ("CBA" or "Agreement"), dated July 1, 2018. Under the CBA's grievance and arbitration process, the Union filed a grievance alleging an "unjust write up" for the First and Final Written Warnings that were issued to each of the bargaining unit members as the result of an investigation conducted by Park Lawn. When the Company denied the grievance, the Union demanded arbitration. The grievance was the subject of an arbitration hearing held on August 7, 2019, before Arbitrator Patrick A. McDonald (the "Arbitrator"). On September 23, 2019, the Arbitrator issued his Decision and Award.

Plaintiff filed a Complaint and Petition to Vacate the Arbitration Award against Defendant alleging the Arbitration Decision and Award was deficient under Section 301(a) of the Labor–Management Relations Act of 1947, as amended to date, 29 U.S.C. §185(a) ("LMRA") and/or the Federal Arbitration Act, 9 U.S.C. §1 et. seq. ("FAA"). Defendant alleges the Arbitrator's Decision and Award must be vacated because the Arbitrator exceeded his powers insofar as his Decision and Award failed to draw its essence from the Agreement, which, by its plain terms, imposes strict time limits for filing grievances and other constraints on a selected arbitrator's remedial authority. Defendant further alleges the Arbitrator's Decision and Award must also be vacated because it was issued in manifest disregard for the

2

law, including but not limited to, Title VII's workplace discrimination protections, Michigan's workplace discrimination protections, and the dominant public policy of this State.

**Defendant Union's Summary:** Park Lawn Capital, plaintiff and employer, is the owner of the Forest Lawn Memorial Park cemetery in Detroit, Michigan. Steelworkers Local 13702, defendant and union, is the collective bargaining representative of Park Lawn's five full-time cemetery workers.

Park Lawn and the Steelworkers jointly selected labor arbitrator Patrick A. McDonald to resolve their dispute over discipline imposed by Park Lawn on the five union-represented workers. In this lawsuit, Park Lawn challenges Arbitrator McDonald's September 23, 2019 Decision and Award reducing the discipline from "final" to "first" warnings.

Park Lawn disciplined the workers for past "shop talk" and "barracks language." Some workers, not "everyone," used the "N-word," "not directed toward each other, but in general" and "never used against an individual." The language was condoned and participated in by management and was "a long past practice." Arbitrator McDonald, chosen by the parties to make a "final and binding" decision as to whether there was "just cause" for the discipline, held that only "first" warnings were justified.

Arbitrator McDonald held that Park Lawn violated "due process," "abused its discretion," and lacked "just cause" for "final" discipline.

Park Lawn now sues asking for this Court's decision "vacating, setting aside, and declaring null and void and of no legal effect" Arbitrator McDonald's Decision and Award.

The union responds that under federal law "it is the arbitrator's view of the facts and the [contract] meaning" that governs, and where a labor arbitrator at least "arguably" applied the contractual "just cause" standard, a federal court "must not intervene."

The union will ask for summary judgment in its favor and for the Court's enforcement of Arbitrator McDonald's award.

### III. Subject Matter Jurisdiction.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### IV. Relationship to Other Cases.

Not Applicable.

### V. Discovery Plan.

The Parties agree that the summary judgment proceedings will require consideration only of the underlying Arbitration Decision and Award, related briefings and exhibits admitted into evidence in the underlying arbitration hearing.

The Parties have shared these materials and anticipate that no further discovery will be needed.

## VI. Necessity of Amendments to Pleadings and Motions to Join Additional Parties.

The Parties do not anticipate amending the pleadings or joining any additional parties. The Parties reserve the right to later amend or seek leave to amend the pleadings, consistent with Fed. R. Civ. P. 15 and any applicable Rules or Orders of the Court.

## VII. Expert Discovery and Testimony.

The Parties do not anticipate the need for expert discovery and/or testimony will be necessary.

## VIII. Anticipated Motions.

The Parties propose the following briefing schedule:

- **A. Rule 56 Motion(s):** the Parties propose to file Rule 56 Motions within 60 days after the Judge's scheduling order.

- **B. Opposition Brief(s):** the Parties propose to file Opposition briefs within 45 days after the filing of the Rule 56 Motions.

- **C. Reply Brief(s):** the Parties propose to file Reply briefs within 21 days after the filing of Opposition briefs.

**IX. Case Evaluation and Mediation.**

The Parties do not believe Alternative Dispute Resolution is worthwhile at this time. The Parties have engaged in informal settlement discussions in an attempt to settle the case on their own, and will continue to do so.

**X. Limitations on Discovery.**

The Parties propose that discovery will be limited to the underlying Arbitration Decision and Award, related briefings and exhibits admitted into evidence in the underlying arbitration hearing. The Parties now anticipate that no other discovery will be needed.

**XI. Issues Relating to Discovery of Electronically-Stored Information.**

The Parties anticipate that there will be no need for discovery of electronically-stored information.

**XII. Issues Relating to Preservation of Discoverable Information.**

The Parties are not aware of any issues relating to preservation of discoverable information.

**XIII. Estimated Length of Trial.**

The Parties anticipate that trial will be unnecessary and the case may be decided on the papers and oral argument.

Dated: May 22, 2020

| | |
|---|---|
| **Park Lawn Capital Limited, Inc.** | **UNITED STEELWORKERS LOCAL 13702** |
| By: */s/ Michael E. Lignowski* | */s/ Stuart M. Israel* |
| Stephanie L. Sweitzer (P66376)<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive, Fifth Floor<br>Chicago, Illinois 60601<br>Tel: 312.324.1000<br>Fax: 312.324.1001<br>stephanie.sweitzer@morganlewis.com<br><br>Michael E. Lignowski<br>Michael K. Taylor<br>MORGAN, LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, Pennsylvania 19103<br>Tel: 215.963.5000<br>Fax: 215.963.5001<br>michael.lignowski@morganlewis.com<br>michael.taylor@morganlewis.com<br><br>*Attorneys for Plaintiff/Petitioner* | Stuart M. Israel (P15359)<br>John G. Adam (P37205)<br>LEGGHIO & ISRAEL P.C.<br>306 S. Washington, Suite 600<br>Royal Oak, Michigan 48067<br>Tel: 248.398.5900<br>Fax: 248.398.2662<br>israel@legghioisrael.com<br>jga@legghioisrael.com<br><br>*Attorneys for Defendant/Respondent* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 22, 2020, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record for Defendant:

>Stuart M. Israel
>John G. Adam
>LEGGHIO & ISRAEL P.C.
>306 S. Washington, Suite 600
>Royal Oak, Michigan 48067
>Tel: 248.398.5900
>Fax: 248.398.2662
>israel@legghioisrael.com
>jga@legghioisrael.com

>>*/s/ Michael K. Taylor*
>>Michael K. Taylor